Circuit Court of Cuyahoga County.

O. C. LAWRENCE v. LOUIS FOYER ET AL.

Decided, March 23, 1901.

*Judgments—To Set Aside Judgment for Want of Service Evidence Must be Conclusive.*

Where the defendant in an action seeks to avoid a judgment taken before a justice of the peace against him, in all respects regular as shown by the record, for the reason that no service of summons was served upon him, it must conclusively appear that no service was made.

*Robert A. Castner,* for plaintiff in error.
*W. C. Rogers,* contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

This case comes into this court on appeal. Lawrence prosecuted his action in the court of common pleas to obtain the cancellation of a judgment rendered against him in favor of the defendant before a justice of the peace on the alleged ground

that no service of summons was served upon him in the action in the justice's court.

The constable certified in his return on the summons that he served the same by leaving a copy at the usual place of residence of the defendant named in the summons.

On the trial the plaintiff, to establish his contention, called all persons residing in his family at the time of the alleged service of summons, and each testified that no copy of a summons was left him and that he had no knowledge that any such paper was left at the house.

The defendant, in support of his contention, called the constable, who testified that he made service as certified in the return, specifying the person with whom the summons was left.

A similar issue was determined by this court in *Schubert* v. *Wrackel* at a former term, in which we held that where the defendant in an action seeks to avoid a judgment taken before a justice of the peace against him, in all respects regular as shown by the record, for the reason that no service of summons was served upon him, it must conclusively appear that no service was made.

The evidence in that case was in all respects like the evidence produced in this action. We there held that the evidence offered was not sufficient to bring the case within the rule authorizing the setting aside of the judgment. That case was reviewed and affirmed by the Supreme Court.

Following that case, and, under the evidence, we feel compelled to dismiss the plaintiff's petition.